## Kulbacki v. Seybold et al.

*Hurwitz, Klein, Meyers & Benjamin*, for plaintiff.
*Metzger, Wickersham & Knauss*, for defendants.

SOHN, J., August 1, 1955.—We have before us a motion made by plaintiff for a protective order under Pa. R. C. P. 4012(a).

In his complaint plaintiff seeks to recover in an action in trespass for injuries sustained by him when, as he entered the diner-restaurant of defendants at about 8:30 p.m. on October 14, 1952, an overhead

door check became loose and fell, striking plaintiff on the head, and also causing plaintiff's back to strike a door post or support. The negligence alleged was that defendants permitted the doorway and entrance to defendants' establishment, which was open to the public, to be and remain in a dangerous condition, and failure to make a reasonable investigation of the condition of the door for the safety of defendants' patrons. The complaint sets forth in full detail the physical injuries suffered by plaintiff, as well as the medical expenses incurred to the date of the filing of the complaint, and gives information as to the doctors from whom he had received treatment.

Defendants have served upon plaintiff a notice of their intention to take the deposition of plaintiff on oral examination for discovery, pursuant to Pa. R. C. P. 4007. As a result of that motion plaintiff has asked for protection under rule 4012 (a).

In the notice of the intention to take the deposition of plaintiff, defendants aver that there were no eye witnesses to the actual accident except plaintiff himself, and say that the proposed discovery will substantially aid defendants in preparing for the trial of the case in connection with the details as to just how the accident happened, and the damages suffered by plaintiff. The notice filed by defendants in particular says:

"The subject matter of the deposition will be:

"1. Names and addresses of eye witnesses to the accident which occurred October 14, 1952, *and facts about the accident.*

"2. Questions relating to injuries and treatment received by Bernard Kulbacki as a result of the accident on October 14, 1952, as well as any illnesses, injuries, and treatment thereof, which happened prior to the accident, including information regarding any pension received from the United States Government

for previous illnesses and injuries, all of which may have a bearing on the present physical condition of Bernard Kulbacki." (Italics supplied.)

The notice of the taking of depositions under Pa. R. C. P. 4007(*d*) goes on to state:

"All of the said topics are relevant to the subject matter involved in this action and none of them is privileged.

"The discovery will substantially aid the defendants in preparing for the trial of this case *with respect to how the accident happened* and damages suffered by the plaintiff for the following reasons:

"1. The defendants know of no eye witnesses to the actual accident except plaintiff himself.

"2. Defendants were informed through their representatives that the plaintiff had been receiving a pension from the United States Government for previous injuries and it is not known what relation any such injuries may have with regard to the accident.

"The deposition will not violate any of the restrictions of Pennsylvania R. C. P. No. 4011." (Italics supplied.)

In our opinion in the case of Basom v. Rosser, 3 D. & C. 2d 631, which opinion was filed on July 18, 1955, we said, inter alia:

"We feel that no hard and fast rule can be laid down as to what must be disclosed under the discovery rules, but that each case must be determined upon its own particular facts as they appear in the pleadings."

We reiterate this statement. It is clearly not the purpose of the discovery rules to provide a script for the trial or to permit trial by deposition: Viscusi v. Pidgeon, 80 D. & C. 574; Barlow v. Waples et al., 82 D. & C. 1; Singer et vir v. Kitty Kelly Market Street Corporation, 81 D. & C. 383, and Pollock v. Simon, 85 D. & C. 118. With this general statement in mind, what is it that defendants are seeking to discover in

the instant case? The complaint describes clearly how the accident happened. It is alleged that a door check was allowed to become and remain loose and insecurely fastened, and that as a result thereof it fell, striking plaintiff on the head and causing him to injure his back on a door post or support. The negligence is clearly and distinctly averred. It is hard to see how a further elucidation of the statement given in the complaint would be of avail to defendants. Plaintiff was passing through the entrance to the diner-restaurant and as he opened the door, the door check came loose from its fastening and fell, striking plaintiff on the head and causing the other injuries which were set forth with particularity. In paragraph 6 of the complaint his injuries are described in great detail. In paragraph 9 his medical expenses to date are itemized and totaled. In paragraph 11 it is alleged that plaintiff sustained a permanent partial disability and a permanent diminution in his earnings and earning capacity. To subject this plaintiff at this time to oral depositions, we feel would in fact be to provide defendants with a script for the trial in advance and that this should not be done.

However, the names and addresses of eye witnesses to the accident are clearly matters with respect to which defendants should be informed. Likewise, questions relating to injuries and treatment received by plaintiff on any prior occasions, including information regarding any pension alleged to have been received from the United States Government for previous illnesses and injuries, which might have a bearing on the present physical condition of plaintiff, we feel are relevant and should be disclosed. We, therefore, make the following

*Order*

And now, August 1, 1955, it is ordered and directed that defendants refrain from inquiring by oral depo-

sition or by interrogatories the facts concerning how the accident exactly happened. Plaintiff shall furnish answers to written interrogatories to be proposed by defendants concerning the names and addresses of any eye witnesses to the accident, and shall answer questions concerning any prior illness or injury which he may have suffered prior to this accident which may have a bearing upon his present physical condition, and shall likewise inform defendants whether he is receiving any pension from the United States Government as a result of any previous illness or injury.